UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **GLYNN GARY SCHEFFLER,** § | | |
| **TDCJ No. 02065471,** § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | **CIVIL NO. SA-19-CA-0296-XR** | |
| § | | |
| **LORIE DAVIS,** Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* Petitioner Glynn Gary Scheffler's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) and supplemental Memorandum in Support (ECF No. 2), as well as Respondent Lorie Davis's Answer (ECF No. 16) thereto. Petitioner challenges the constitutionality of his 2016 state court conviction for driving while intoxicated (enhanced), arguing that he is actually innocent of the offense because the deadly weapon provision used to enhance his conviction is unconstitutionally vague pursuant to the Supreme Court's recent opinion in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). In her Answer, Respondent contends petitioner's federal habeas petition should be dismissed with prejudice as procedurally defaulted and time-barred.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegation is barred from federal habeas review by both the procedural default doctrine and the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

I. **Background**

In April 2016, Petitioner plead guilty to the offense of driving while intoxicated (with two or more previous convictions) and was sentenced to twelve years of imprisonment. *State v. Scheffler*, No. CR2015-186 (207th Dist. Ct., Comal Cnty., Tex. Apr. 26, 2016); (ECF No. 17-3 at 29). Pursuant to the plea bargain agreement, Petitioner pled "true" to the enhancement paragraph and deadly weapon finding contained in the indictment and waived his right to appeal. (ECF No. 17-3 at 33-38). As a result, Petitioner did not appeal his conviction and sentence.

Instead, Petitioner challenged his conviction by filing a state habeas corpus application on June 29, 2016, which the Texas Court of Criminal Appeals (TCCA) denied without written order August 24, 2016. *Ex parte Scheffler*, No. 85,549-01 (Tex. Crim. App.) (ECF Nos. 17-1 and 17-3). On April 5, 2017, Petitioner filed a second state habeas corpus application challenging this conviction and sentence but the TCCA dismissed the application as a subsequent writ on July 26, 2017, pursuant to Tex. Code. Crim. Proc. Art. 11.07, Sec. 4(a)-(c). *Ex parte Scheffler*, No. 85,549-02 (Tex. Crim. App.) (ECF Nos. 17-4 and 17-6).

Petitioner filed a third state habeas corpus application challenging the instant conviction and sentence on July 28, 2018. *Ex parte Scheffler*, No. 85,549-03 (Tex. Crim. App.) (ECF No. 17-9). A month later, Petitioner amended his application to include, among other claims, the allegation now before this Court—namely, whether Texas's deadly weapon statute is unconstitutionally vague under *Dimaya* thus rendering him innocent of the charged offense. *Id*. On October 10, 2018, the TCCA again dismissed Petitioner's state habeas application as a subsequent writ pursuant to Tex. Code. Crim. Proc. Art. 11.07, Sec. 4(a)-(c). (ECF No. 17-8). Thereafter, Petitioner placed the instant federal habeas petition in the prison mail system on March 15, 2019. (ECF No. 1 at 11).

## II. Analysis

### A.     The Procedural Default Doctrine

Respondent contends Petitioner's allegation is subject to denial by this Court as procedurally defaulted. Procedural default occurs where a state court clearly and expressly bases its dismissal of a claim on a state procedural rule, and that state procedural rule provides an independent and adequate ground for the dismissal. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991); *Canales v. Stephens*, 765 F.3d 551, 562 (5th Cir. 2014) (citing *Maples v. Thomas*, 565 U.S. 266, 280 (2012)). The "independent" and "adequate" requirements are satisfied where the state court clearly indicates that its dismissal of a particular claim rests upon a state ground that bars relief, and that bar is strictly and regularly followed by the state courts. *Roberts v. Thaler*, 681 F.3d 597, 604 (5th Cir. 2012) (citing *Finley v. Johnson*, 243 F.3d 215, 218 (5th Cir. 2001)). This doctrine ensures that federal courts give proper respect to state procedural rules. *Coleman*, 501 U.S. at 750-51.

In this case, the TCCA refused to consider Petitioner's void-for-vagueness claim when he raised it in his third state habeas application, dismissing the application as subsequent under Texas Code of Criminal Procedure Article 11.07 § 4(a)-(c). (ECF No. 17-8). That statute, codifying the Texas "abuse of the writ" doctrine, has repeatedly been held by the Fifth Circuit to constitute an "adequate and independent" state procedural ground that bars federal habeas review. *Ford v. Davis*, 910 F.3d 232, 237 (5th Cir. 2018) (citation omitted); *Canales v. Stephens*, 765 F.3d 551, 566 (5th Cir. 2014); *Smith v. Johnson*, 216 F.3d 521, 523 (5th Cir. 2000); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995).

Consequently, Petitioner is precluded from federal habeas review unless he can show cause for the default and resulting prejudice, or demonstrate that the Court's failure to consider

his claim will result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750-51; *Busby v. Dretke,* 359 F.3d 708, 718 (5th Cir. 2004). In his petition and supplemental memorandum, Petitioner did not attempt to demonstrate cause and prejudice to excuse the default, and Petitioner did not file a reply to Respondent's Answer asserting the procedural default doctrine. Nor has he made any attempt to demonstrate that the Court's denial of the claim will result in a "fundamental miscarriage of justice." Thus, circuit precedent compels the denial of Petitioner's void-for-vagueness claim as procedurally defaulted.

B.    <u>**The Statute of Limitations**</u>

Respondent also contends Petitioner's allegation is barred by the one-year limitation period of 28 U.S.C. § 2244(d). Under this statute, a state prisoner has one year to seek federal habeas review of a state court conviction, starting, in this case, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013).

Here, Petitioner's conviction became final May 26, 2016, when the time for appealing his judgment and sentence expired. *See* Tex. R. App. P. 26.2 (providing a notice of appeal must be filed within thirty days following the imposition of a sentence). As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying conviction and sentence expired a year later on May 26, 2017. Because Petitioner did not file his § 2254 petition until March 15, 2019—almost two years after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

4

### 1. Statutory Tolling

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). To start, there has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). Although Petitioner claims the state created an impediment to his filing "by not allowing the release of court hearing transcripts despite multiple requests," Petitioner fails to provide any evidence to support such an assertion. Even if he did, Petitioner does not establish that he was entitled to the records he requested in this instance or that the documents were necessary for litigating his federal petition.

The Constitution does not automatically require state officials to provide an indigent defendant with a free trial transcript and other records. *Kunkle v. Dretke*, 352 F.3d 980, 985-86 (5th Cir. 2003). Indeed, states are only required to provide indigent defendants with a trial transcript free of charge when it is necessary for meaningful appellate review. *See Griffin v. Illinois*, 351 U.S. 12, 19-20 (1956); *Jackson v. Estelle*, 672 F.2d 505, 506 (5th Cir. 1982) (finding the state is not required to furnish complete transcripts "so that the defendants . . . may conduct 'fishing expeditions' to seek out possible errors at trial."). Here, Petitioner's plea bargain agreement indicates Petitioner was aware that the charges against him were enhanced under Texas law by a deadly weapon finding. Thus, Petitioner fails to establish that a transcript from his guilty plea proceedings was necessary to litigate the void-for-vagueness allegation that he now raises in the instant proceedings. Petitioner is therefore not entitled to statutory tolling under § 2244(d)(1)(B).

Petitioner also is not entitled to statutory tolling under § 2244(d)(1)(C) or § 2244(d)(1)(D), as there has also been no showing of a newly recognized constitutional right

upon which the petition is based and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. Petitioner appears to assert that the factual predicate of his allegation—the void-for-vagueness doctrine—could not have been discovered sooner because it was first developed in the Supreme Court's 2018 decision in *Dimaya*. But as the *Dimaya* opinion itself demonstrates, this doctrine has been a vital element of due process for decades. 138 S. Ct. at 1212 (discussing the history of the void-for-vagueness doctrine) (citing *Connally v. General Constr. Co.*, 269 U.S. 385, 391 (1926)). Thus, statutory tolling under either § 2244(d)(1)(C) or § 2244(d)(1)(D) is unwarranted.

Petitioner is, however, entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." As discussed previously, Petitioner first challenged the instant conviction in a state habeas application executed on June 29, 2016, which was later denied August 24, 2016. *See Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013) (holding that the pleadings of *pro se* inmates are deemed filed at the time they are delivered to prison authorities). Accordingly, Petitioner's first state habeas application tolled the limitations period for a total of 56 days, making his federal petition due on July 21, 2017. Similarly, Petitioner's second state habeas application, executed April 5, 2017, and dismissed by the TCCA July 26, 2017, tolled the limitations period for an additional 112 days, making his federal petition due on November 10, 2017.[1] Petitioner did not file his § 2254 petition until March 15, 2019—still over sixteen months after the limitations period expired.

---

[1] Petitioner's third state habeas application challenging the instant conviction has no tolling effect on the limitations period because the application was not executed until July 2018, well after the one-year statute of limitations expired. *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

6

2. <u>Equitable Tolling</u>

The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

In his petition and supplemental memorandum, Petitioner does not contend that an exceptional circumstance warrants equitable tolling or argue that he has been diligent in pursuing his rights. Petitioner did not even file a reply to Respondent's assertion that void-for-vagueness claim is barred by the statute of limitations, much less attempt to establish that equitable tolling should apply in this case. Even with the benefit of liberal construction, Petitioner has provided no justification for the application of equitable tolling, and a Petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling). Because Petitioner failed to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his allegation in this Court, his claim is untimely and barred by § 2244(d)(1).

### 3. Actual Innocence

Finally, Petitioner contends he is actually innocent of the crime for which he plead guilty because the deadly weapon provision used to enhance his conviction is unconstitutionally vague under *Dimaya*. In *McQuiggin*, 569 U.S. at 386, the Supreme Court held that a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo,* 513 U.S. 298, 329 (1995). But "tenable actual-innocence gateway pleas are rare," and, under *Schlup*'s demanding standard, the gateway should open only when a petitioner presents new "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin*, 569 U.S. at 386, 401 (*quoting Schlup,* 513 U.S. at 316). In other words, Petitioner is required to produce "*new* reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"—sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup,* 513 U.S. at 324.

Petitioner does not meet this demanding standard. Indeed, as pointed out by Respondent in her Answer, the *Dimaya* opinion held only that the residual clause of the federal criminal code's definition of "crime of violence" was impermissibly vague. 138 S. Ct. at 1207. The opinion has no effect on Texas's deadly weapon statute, much less establish that Petitioner is actually innocent. Consequently, the untimeliness of Petitioner's federal habeas petition will not be excused under the actual-innocence exception established in *McQuiggin*.

### III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id.* In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484). In that case, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set

forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

## IV. Conclusion

After careful consideration, the Court concludes that Petitioner's void-for-vagueness allegation is procedurally defaulted and barred by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED**, and Petitioner Glynn Gary Scheffler's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely and procedurally defaulted;

2. Petitioner failed to make "a substantial showing of the denial of a federal right" and cannot make a substantial showing that this Court's procedural rulings are incorrect as required by Fed. R. App. P. 22 for a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, this Court **DENIES** Petitioner a certificate of appealability. *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; and

3. All other remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED this 23rd day of September, 2019.**

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE